**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

First National Bank of Pennsylvania, )
           Plaintiff, )
            )      No. 25 CV 50274
v. )      Judge Iain D. Johnston
            )
Panacea Cryotherapy, Inc., *et al.*, )
           Defendants. )

**ORDER**

Plaintiff filed suit against three defendants:  Panacea Cryotherapy, Inc. for defaulting on two loans, defendant Kyle Olson as guarantor of both loans, and defendant Atlas Chiropractic Centers, Inc. as guarantor of one of the loans.  Before the Court is Magistrate Judge Iasparro's Report and Recommendation that default judgment be entered against all three defendants, none of whom have participated in this case.  For the following reasons, the Court accepts the Report and Recommendation [38], grants the plaintiff's motion for default judgment [29] but withholds entry of judgment until First National submits a revised proposed order of judgment.

According to the complaint, on June 16, 2023, Panacea Cryotherapy took out two small business loans:  Note 1 in the amount of $950,000, and Note 2 in the amount of $50,000.  Under the terms of each loan, Panacea was to make monthly payments, and if it failed to do so First National could require immediate payment of all amount owed, take possession of any collateral, and recover its attorneys' fees and costs.  Dkt. 1, Exs. A (Note 1), I (Note 2).  The items pledged as collateral are identified in Security Agreements, *see* Dkt. 1, Ex. G (Security Agreement for Note 1), L (Security Agreement for Note 2), and the collateral consists of the equipment, fixtures, furniture, "general intangibles," and "chattel paper" at Panacea's iCRYO facility at 5946 E. State Street in Rockford for Note 1, and inventory and accounts receivable at the same facility for Note 2.  Panacea failed to make the required payments, and so First National declared the entire unpaid principal balance and interest due.  Kyle Olson executed a Guaranty of all amounts owed under both Note 1, Dkt. 1, Ex. F, and Note 2, Dkt. 1, Ex. K, but despite First National's demand has failed to pay any of the amounts due.  Atlas Chiropractic Centers executed a Guaranty of all amounts owed under Note 1, Dkt. 1, Ex. E, but despite First National's demand, has failed to pay any of the amounts due.

First National obtained service on all three defendants:  its process server personally served Panacea and Atlas' registered agent, Dkts. 15 and 16, and left a copy of the summons and complaint with Mr. Olson's wife at their home, Dkt. 17.  None of the defendants answered or appeared, and so the Clerk entered orders of default against each, Dkt. 28.

First National then filed a motion for default judgment against each defendant.  Dkt. 29. It sent notice of presentment of the motion to each defendant by both certified and first-class mail to the same address where its process server served them.  Dkt. 34.  First National did not

file green cards as evidence that its certified letters were delivered. The USPS' website reports that only the certified letters to Panacea and Atlas were delivered, while no one was available to receive the certified letter to Mr. Olson was it was returned to First National. However, the notices the Court sent by first-class mail to each defendant were not returned as undeliverable, and therefore receipt is presumed. *See Tabor & Co v. Gornez*, 356 N.E.2d 1150, 1154 (Ill. App. Ct. 1976). No defendant appeared for the presentment of the motion for a default judgment, and so Judge Iasparro entered a Report and Recommendation that the motion be granted. He gave the defendants to February 13, 2026, to object, but to date no defendants has done so.

However, the entry of default admits only the well-pleaded allegations of liability, and so First National must still establish with reasonable certainty that it is entitled to the damages it seeks. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). As established by the affidavit of First National Vice-President Geary Christopher Jolley, Dkt. 30, Ex. 7, supporting exhibits, and consistent with the terms of the loan and guarantee agreements, as of August 19, 2025, on Note 1 damages total $1,044.013.02, consisting of $920,148.17 in unpaid principal, $115,951.51 in interest accruing at a per diem rate of $274.77, $7,882.80 in late charges, and $30 in fees, for which all defendants are jointly and severally liable, *id*. ¶ 10, while on Note 2 damages total $53,160.40, consisting of $50,000 in unpaid principal, $3,032.30 in interest accruing at a per diem rate of $14.24, and $128.10 in late charges, for which Panacea and Olson are jointly and severally liable, *id*. ¶11. In addition, the declaration of First National's counsel Lina Toma and supporting calculations establish that attorneys' fees and costs total $11,406.89, Dkt. 30, Ex. 10 ¶ 11, with Panacea and Olson jointly and severally liable for that entire amount, but Atlas Chiropractic liable for only half that amount because it was Guarantor of only Note 1, Dkt. 37. Finally, under the Security Agreements for both Notes 1 and 2, First National is entitled to possession of the items identified as collateral, though as required under the UCC, the value of any collateral that First National takes into its possession shall be applied toward the amounts owed. *See SFG Commercial Aircraft Leasing, Inc. v. N59CC, LLC*, No. 09 CV 101, 2010 U.S. Dist. LEXIS 20931, at *8-10 (N.D. Ind. Mar. 8, 2010) (applying the Indiana UCC provision similar to 810 ILCS 5/608).

Based on the entry of the order of default, service of the motion for a default judgment, supporting affidavit and exhibits, and the defendants' failure to object, Judge Iasparro's Report and Recommendation [38] is accepted, and First National's motion for default judgment [29] is granted. Judgment will not enter at this time. Instead, First National is directed to submit a revised proposed order of judgment consistent with this ruling, including which specifies the collateral to which the security agreements entitle First National to immediate possession. The proposed order is due March 9, 2026. Judgement will enter after the Court's review of an acceptable proposed order.

Date: March 3, 2026      By: _____

Iain D. Johnston
United States District Judge

- 2 -