**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS – WESTERN DIVISON**

FIRST NATIONAL BANK OF
PENNSYLVANIA,

        **Plaintiff,**

    **v.**

PANACEA CRYOTHERAPY, INC. d/b/a
ICRYO, ATLAS CHIROPRACTIC
CENTERS, INC., and KYLE S. OLSON,

        **Defendants.**

**Case No. 3:25-cv-50274**

## JUDGMENT ORDER

This Case coming to be heard on Plaintiff's Amended Motion for Default Judgment, notice having been provided; and the Court being otherwise fully advise in the premises; IT IS HEREBY ORDERED THAT:

1. Plaintiff's Amended Motion for Default Judgment is granted;
2. Judgment by Default is entered in favor of First National Bank of Pennsylvania and against Defendant Panacea Cryotherapy, Inc. d/b/a ICRYO on Count I in the aggregate amount of $1,049,716.47, of which $1,044,013.02 is for loan principal, interest and late charges, and $5,703.45 is for attorneys' fees and costs;
3. Judgment by Default is entered in favor of First National Bank of Pennsylvania and against Defendant Atlas Chiropractic Centers Inc. on Count II in the aggregate amount of $1,049,716.47, of which $1,044,013.02 is for loan principal, interest and late charges, and $5,703.45 is for attorneys' fees and costs;
4. Judgment by Default is entered in favor of First National Bank of Pennsylvania and against Defendant Kyle S. Olson on Count III in the aggregate amount of $1,049,716.47, of which $1,044,013.02 is for loan principal, interest and late charges, and $5,703.45 is for attorneys' fees and costs;
5. Judgment by Default is entered in favor of First National Bank of Pennsylvania and against Defendant Panacea Cryotherapy, Inc. d/b/a ICRYO on Count V in the aggregate amount of $58,863.85, of which $53,160.40 is for loan principal, interest and late charges, and $5,703.45 is for attorneys' fees and costs;
6. Judgment by Default is entered in favor of First National Bank of Pennsylvania and against Defendant Kyle S. Olson on Count VI in the aggregate amount of $58,863.85, of which $53,160.40 is for loan principal, interest and late charges, and $5,703.45 is for attorneys' fees and costs;

7.  Replevin judgment is entered in favor of First National Bank of Pennsylvania and against Defendant Panacea Cryotherapy, Inc. d/b/a ICRYO for Count IV for the collateral which includes, but is not limited to, equipment, fixtures, chattel paper, general intangibles, and furniture. As well as all business assets, with the exception of Inventory and Accounts Receivables, including but not limited to, the following:

    A.  All fixtures, equipment, and articles of personal property now or hereafter owned by the Debtors and at any time affixed to, attached to, or necessary for the use, enjoyment, occupancy or operation of the above-described improvements or the Real Property, including, but not limited to, all plumbing and electric apparatus and equipment, cleaning and maintenance equipment, all boilers, tanks, engines, motors, power equipment, piping and plumbing, fixtures, pumps, heating and air conditioning equipment and systems and lighting equipment and systems and replacements of all the foregoing (excluding, however, any of the foregoing items owned by lessees and which may be removed upon the expiration of the applicable lease, except to the extent to the Debtor's interest therein).
    B.  All proceeds of the conversion voluntary or involuntary, of any of the foregoing into cash or liquidated claims including, without limitation proceeds of insurance and condemnation awards (the "Proceeds").
    C.  All of Debtor's rights, title and interest in all equipment and machinery, including power-driven machinery and equipment, furniture and fixtures now owned or hereafter acquired, together with all replacements thereof, all attachments, accessories, parts and tools belonging thereto or for use in connection therewith; raw materials, work in process and supplies now owned or hereinafter acquired, Accounts, Instruments, Chattel Paper, all contract rights and general intangibles now in force or hereafter acquired (as all such terms are defined in the Uniform Commercial Code) as more particularly described in a Security Agreement by Debtor of even herewith.

8.  Replevin judgment is entered in favor of First National Bank of Pennsylvania and against Defendant Panacea Cryotherapy, Inc. d/b/a ICRYO for Count VII for the collateral which includes, but is not limited to, all accounts receivables and inventory now owned or hereafter acquired;

9.  This is a final and appealable order;

10. Plaintiff shall send notice of entry of this order to all Defendants within seven (7) days of entry.


Date:                           _____

                                                 Judge